IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael Bryant (#2014-1127173), )
     Plaintiff, )
          )   Case No. 16 CV 2180
  v.         )
          )   Judge Joan B. Gottschall
Sheriff's Deputy Sczerua,    )
     Defendant. )

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

  Plaintiff Michael Bryant, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that Defendant, an officer at the Cook County Jail, violated Plaintiff's constitutional rights by acting with deliberate indifference to his safety.  More specifically, Plaintiff alleges that Defendant failed to take reasonable steps to protect him from two assaults by a fellow detainee.  This matter is before the Court for ruling on Defendant's motion for judgment on the pleadings [18].  Although granted the opportunity to respond to the motion, *see* briefing schedule entered February 16, 2017, Plaintiff has not filed an opposing brief.  For the following reasons, the uncontested motion is granted.

### II.  Standard

  Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  The distinction between a motion to dismiss and a motion for judgment on the pleadings is largely inconsequential for present purposes because both are evaluated under the same standard:  the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party.  *See Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)); *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012).  In considering a motion under FED. R. CIV. P. 12(c), the Court may rely on the pleadings, documents attached to or critical to (and referred to in) the pleadings, or information subject to judicial notice.  *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (discussing review of motions under FED. R. CIV. P. 12(b)(6)) (citations omitted); *Lodholtz*, 778 F.3d at 639 (explaining that the same standards govern Rules 12(b)(6) and 12(c) (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014)); *see also* FED. R. CIV. P. 10(c).  A motion for judgment on the pleadings is granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *Northern Indiana Gun and Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

### III. Background

Plaintiff alleges the following facts, assumed true for purposes of Defendant's motion for judgment on the pleadings: On December 14, 2015, Plaintiff advised Defendant Sczerua that a fellow inmate was threatening him. Sczerua ignored Plaintiff's concern that he was in danger and allowed both inmates to go to the recreation yard together. During the recreation period, the other detainee attacked Plaintiff.

When the prisoners returned from recreation, Plaintiff told Sczerua what had happened. Sczerua refused to take any action, and accused Plaintiff of lying. Shortly thereafter, Sczerua abandoned his post, once again leaving Plaintiff alone with the younger, hostile, declared enemy. The other inmate assaulted Plaintiff again, causing injuries to his mouth, hand and legs.

Plaintiff attached a copy of his ensuing grievance as an exhibit to the Complaint. The grievance form reflects that Plaintiff did not appeal the denial of his grievance.

### IV. Discussion

Defendant is entitled to judgment on the pleadings, having shown that Plaintiff failed to complete the administrative grievance process prior to initiating suit.

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *see also Jones v. Bock*, 549 U.S. 199, 204 (2007); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Howard v. Maselko*, No. 11 C 9278, 2013 WL 1707955, at *2 (N.D. Ill. Apr. 19, 2013) (Kocoras, J.).

In order to satisfy the PLRA's exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002). "Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals." *Worthem v. Boyle*, 404 Fed. App'x 45, 46, 2010 WL 4683631, at *2 (7th Cir. Nov. 18, 2010) (citing *Ford*, 362 F.3d at 398-400; *Dixon v. Page*, 291 F.3d 485, 490-91 (7th Cir. 2002)). If a prisoner fails to properly avail himself of the prison's or jail's grievance process, he may lose his right to sue. *Massey*, 196 F.3d at 733; *Howard*, 2013 WL 1707955, at *2. Correctional officials bear the burden of pleading and proving failure to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (citing *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006)).

The Cook County Department of Corrections has established a grievance procedure that is available to all inmates. *Brengettcy v. Horton*, 423 F.3d 674, 678 (7th Cir. 2005). This process requires filing a grievance and an appeal. *Id.* A prisoner plaintiff must complete the full exhaustion process before bring suit in federal court. 42 U.S.C. § 1997e(a). An inmate at the Cook County Jail is required to submit a grievance in a designated lockbox within fifteen days of the matter being grieved. *Stallings v. Cook County*, No. 11 C 7349, 2013 WL 3669623, at *4 (N.D. Ill. July 12, 2013) (Coleman, J.). The grievances are picked up daily by the Correctional Rehabilitation Worker (CRW), who must address the grievance within thirty days. *Id.* If dissatisfied with the response, the inmate must bring an appeal within fourteen days thereafter. *Id*. The appeal completes the grievance process. *Id*.

The Seventh Circuit has taken a "strict compliance" approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner must properly use the institution's grievance process. If he fails to do so, correctional administrators can refuse to consider the grievance, and the prisoner's claim can be "indefinitely unexhausted." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")).

In the case at bar, Defendant asserts, without contradiction, that while Plaintiff filed a grievance, he did not pursue an appeal after that grievance was denied. The blank appeal section on Plaintiff's own exhibit tends to corroborate Defendant's representation. Because Plaintiff does not dispute that he failed to finalize the administrative grievance process, the Court cannot entertain his claim.

In sum, Defendant has demonstrated that Plaintiff failed to completely exhaust administrative remedies prior to bringing suit. Accordingly, the Court grants Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The case is terminated. Dismissal is without prejudice to re-filing suit if and when Plaintiff exhausts administrative remedies (assuming, of course, that the grievance process remains available to him in relation to the incidents underlying the complaint).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *Bentz v. Palmer*, No. 12 C 1753, 2015 WL 1042932, at *5 (N.D. Ill. Mar. 5, 2015) (Coleman, J.) If the Court of Appeals should find the appeal to be non-meritorious, a strike could be imposed pursuant to 28 U.S.C. § 1915(g). If a prisoner accumulates three strikes because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he or she is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* Fed R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a

motion under Fed. R. Civ. P. 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## V. Conclusion

For the reasons stated above, Defendant's unopposed motion for judgment on the pleadings [18] is granted pursuant to Fed. R. Civ. P. 12(c) and 42 U.S.C. 1997e(a) in view of Plaintiff's failure to exhaust administrative remedies before bringing suit. The Court directs the Clerk to enter final judgment.


Date:  March 20, 2017                     /s/
                                     Joan B. Gottschall
                                     United States District Judge